# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAMON WILLIAMS,<br><br>Petitioner,<br><br>v.<br><br>PATRICK NOGAN, et al.,<br><br>Respondents. | Civil Action No. 19-21368 (SDW)<br><br>MEMORANDUM OPINION |

IT APPEARING THAT:

1. On or about December 13, 2019, Petitioner Damon Williams filed his petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1). In his petition, Petitioner raises a single claim – that the prosecution used known perjured testimony against him during his criminal trial in the form of the testimony of a fingerprint expert. (*Id.* at 6).

2. On December 16, 2019, this Court entered an order directing Respondents to file a response to the petition. (ECF No. 2). In that order, this Court specifically noted that it was not clear whether Petitioner's habeas claim had been exhausted as Petitioner's petition suggested that he had filed a petition for certification in the New Jersey Supreme Court, but did not specify whether that petition had been ruled upon. (*Id.* at 3 n.1). This Court therefore directed Respondents to address this issue in responding to the petition. (*Id.*).

3. On January 31, 2020, Respondents filed their response in the form of a motion to dismiss. (ECF No. 5). In that motion, Respondents argue that, as Petitioner has not yet completed his direct appeal, he has not yet exhausted his claim. (*Id.*). While Respondents initially based this argument solely on the fact that the New Jersey Supreme Court had not yet decided Petitioner's petition for certification, Respondents later informed the Court by way of letter on February 18,

1

2020, that the New Jersey Supreme Court granted that petition, and has chosen to hear Petitioner's appeal in which he seeks to raise his perjury claim. (ECF No. 7).

4. On February 24, 2020, Petitioner filed a reply. (ECF No. 8). In his reply, Petitioner accepts Respondents statement of fact and essentially admits that his case remains before the New Jersey Supreme Court. (*Id.* at 2). Petitioner argues, however, that he should be permitted to evade the exhaustion process not because there is a lack of state process, but because he believes that the state has "refused" to use that process insomuch as he has not been granted relief on his claim by the Appellate Division and his claim has been "pending in the New Jersey Supreme Court for over four . . . months." (*Id.* at 2-4). Petitioner's argument thus essentially boils down to the assertion that he should be permitted to evade the exhaustion process because his direct appeal is taking longer than he would like.

5. Pursuant to 28 U.S.C. § 2254(b)(1), habeas relief may not be granted to an individual confined pursuant to an order of the state courts unless the petitioner has "exhausted the remedies available in the courts of the State," there is an absence of process in the state courts, or there are circumstances which render the state process ineffective. A petitioner generally satisfies this exhaustion requirement when he has presented each of his claims to the highest level of the state courts. *See Picard v. Connor*, 404 U.S. 270, 275 (1971); *Tinsley v. Johnson*, No. 10-3365, 2011 WL 5869605, at *3 (D.N.J. Nov. 22, 2011); *see also Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at *1-3 (D.N.J. March 10, 2015). "Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies." *Tinsley*, 2011 WL 5869605 at *3; *see also* 28 U.S.C. § 2254(c). A New Jersey state prisoner will therefore only have properly exhausted his claims where he has presented

all of his claims "to the Superior Court of New Jersey, Law and Appellate Divisions, and to the New Jersey Supreme Court." *Barnes*, 2015 WL 1035428 at *1.

6. Here, Petitioner seeks to raise a single claim. By his own admission, his claim is unexhausted – it remains pending before the New Jersey Supreme Court which has agreed to hear and decide his claim on the merits. Petitioner thus still has available state court remedies in the form of his direct appeal to the New Jersey Supreme Court. Likewise, that the New Jersey Supreme Court has agreed to take up his claim clearly shows that the state courts have neither "refused" to permit him to make use of state court corrective processes nor that those remedies are unavailable. Petitioner is therefore required to exhaust his state court remedies in the New Jersey Supreme Court before he may raise his claim via a habeas petition. Petitioner's petition is therefore clearly unexhausted and must be dismissed[1] as such. *See, e.g., Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014) (citing *Rhines v. Weber*, 544 U.S. 269, 274-78 (2005)); *Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004). Respondents' motion to dismiss (ECF No. 5) is therefore granted.

7. Pursuant to 28 U.S.C. §2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here

---

[1] Because Petitioner has only a single unexhausted claim, he cannot proceed by deleting his unexhausted claims. Likewise, because Petitioner's one year limitations period will not begin to run until the New Jersey Supreme Court issues its decision on direct appeal, Petitioner is in no danger of losing his right to later file a habeas petition, and a stay pending exhaustion is thus inappropriate in this matter. *Crews*, 360 F.3d at 152. This Court therefore must dismiss the habeas petition without prejudice.

3

are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and that Petitioner's habeas petition should be dismissed without prejudice as a result, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner is denied a certificate of appealability as to this Court's dismissal of his petition for lack of exhaustion.

8. In conclusion, Respondents' motion to dismiss (ECF No. 5) is GRANTED, Petitioner's habeas petition (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for lack of exhaustion, and Petitioner is DENIED a certificate of appealability. An appropriate order follows.

Dated: March 2, 2020                               *s/ Susan D. Wigenton*
                                                                                                     Hon. Susan D. Wigenton,
                                                                                                     United States District Judge